**Donald SNEED, Plaintiff-Appellee,**

**v.**

**SNEED'S SHIPBUILDING, INC., Defendant-Appellant.**

**No. 75–2319.**

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1977.

Jerry V. Pennington, John Cash Smith, Orange, Tex., for defendant-appellant.

Jon B. Burmeister, Port Arthur, Tex., for plaintiff-appellee.

Before COLEMAN, CLARK and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

Plaintiff-employee brought this action pursuant to the Fair Labor Standards Act of 1938 [1] to recover overtime compensation, liquidated damages and attorneys' fees from defendant-employer. The case was submitted to the district court on stipulated facts, and final judgment was entered for the employee. On appeal the employer ar-

---

1. 29 U.S.C. §§ 201–219 (1970 & Supp. IV 1974).

**538**

gues (1) that the employee waived his right to bring suit under 29 U.S.C. § 216 (1970 & Supp. IV 1974) and (2) that the court erred in its assessment of damages. We need not address the latter issue, however, for we conclude that there was indeed a waiver by the employee.

I

From February 1972 through March 1974 the employee was a shipfitter in employer's shipyard. He was paid a wage of $3.00 per hour for a forty hour week and received other benefits (such as the use of a home and an automobile) as additional compensation.[2] During this period he worked a total of 1,045 hours overtime, for which he was paid at his regular rate of $3.00 per hour rather than the statutory rate of one and one-half times the regular rate. *See* 29 U.S.C. § 207(a)(1) (1970).

When his employment terminated, the employee filed a complaint with the Beaumont Wage and Hour Division of the Employment Standards Administration of the United States Department of Labor charging that his employer had failed to pay him overtime compensation as required by the Act. The complaint was investigated by David Michalovich, a compliance specialist with the Wage and Hour Division, who determined that the employee was entitled to $1,500.00 in overtime compensation. The employer complied with this determination by submitting to the Wage and Hour Division a check in the amount of $901.60, which represented the full amount determined to be due less standard deductions.

Mr. Michalovich presented the check to the employee and told him that in order to receive the check he would have to sign a receipt. Directly above the line on which the employee was requested to sign the following notice appeared:

NOTICE TO EMPLOYEE—Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for back wages under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorney's fees and court cost. Generally, a two year statute of limitations applies to the recovery of back wages. Do not sign this receipt unless you have actually received payment of the back wages due.

The employee signed the receipt and took the check. He then consulted his attorney. On the attorney's advice he returned the check to the employer without cashing it and instituted this action.

In its answer to the complaint the employer asserted that by taking possession of the check and signing the receipt the. employee had accepted payment and thereby waived his right to sue. The employee's response to this argument in the trial court and on appeal was that he did not know what he was signing and, in any case, the release was not supported by consideration. The employee has never claimed that the release was obtained through fraud. In its findings the trial court did not address the question of the employee's knowledge,[3] but it did hold that the waiver was null and void for lack of consideration.

II

The Fair Labor Standards Act requires that employees within its coverage be paid overtime compensation "at a rate not less than one and one-half times" their regular rate of pay. *Id.* Employers who violate this provision are subject to suit by aggrieved employees who may recover the unpaid

---

**2.** It was stipulated by the parties that the value of these additional benefits was equal to the difference between the hourly wage employee was being paid and the prevailing hourly wage paid to shipfitters in the area.

**3.** The only dispute in the record was whether Michalovich had used the word "release" or

"receipt" in describing the form signed by the employee. The employee's deposition indicates that several years earlier he had filed a similar complaint with the Wage and Hour Division and signed a similar waiver in order to settle his claim.

wages, liquidated damages equal in amount to those wages, and reasonable attorneys' fees. *Id.* § 216(b) (Supp. IV 1974). The Secretary of Labor is authorized to investigate alleged violations of the Act and to bring suit on behalf of the employees to enforce its provisions. *Id.* §§ 211, 216(c) (1970 & Supp. IV 1974). The Act also provides:

> The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

*Id.* § 216(c) (Supp. IV 1974).

The waiver provision found in section 216(c) was added to the Act in 1949. Prior to that time employers had been reluctant to reach voluntary settlements with employees over claims for back wages because

courts had held that any purported waiver or release of rights to unpaid compensation was null and void as against public policy and lacking in consideration.[4] Thus an employer who settled a claim for back wages could never be sure that the employee with whom he settled would not later sue to collect liquidated damages and attorneys' fees. The addition of the waiver provision was intended to change this situation and create an incentive for employers voluntarily to accept settlements supervised by the Wage and Hour Division.[5]

The district court was thus in error when it held that the waiver signed by this employee was null and void for lack of consideration. The proper inquiry is not whether the consideration was adequate but rather whether there was a waiver as defined by section 216(c). For there to be a valid waiver section 216(c) simply requires (a) that the employee agree to accept the payment which the Secretary determines to be due and (b) that there be "payment in full." By signing the waiver statement acknowledging that he had agreed to accept the tendered payment and by taking the employer's check for the full amount,[6] the

---

4. *See, e. g., D. A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114 (1946); *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1943).

5. The Senate report on the 1949 amendments said in part:

> . . . during the past 3 years the number of establishments agreeing or ordered to pay full or partial restitution of wages or overtime to employees has declined from 86 percent in 1945 to 63 percent in 1948. The amount of restitution agreed to or ordered fell from $13,360,826 out of $21,623,739 found owing in the fiscal year of 1946 to $4,256,761 agreed to or ordered out of $10,-757,914 found owing in the fiscal year 1948. In the fiscal year 1946, 74 percent of employees with respect to whom back wages or overtime were found to be owing received restitution, whereas in 1948 only 56 percent of such employees recovered the wages or overtime due them.
>
> The Wage and Hour Division has pointed out that there are a variety of causes for the decline of voluntary restitution. Undoubtedly one of the most important of these is the fact that an employer who pays back wages which he withheld in violation of the act has

> no assurance that he will not be sued for an equivalent amount plus attorney's fees under the provisions of section 16(b) of the act. One of the principal effects of the committee proposal will be to assure employers who pay back wages in full under the supervision of the Wage and Hour Division that they need not worry about the possibility of suits for liquidated damages and attorney's fees. . . . The committee agrees with the report of the House Committee on Education and Labor which, in discussing this matter, points out that this provision—
>
> * * * is essential to the equitable enforcement of the provisions of the act and that it should be welcomed by fair-minded employers who wish to make restitution for perhaps unwitting violations of the act by encouraging them to do so in such a manner to insure that their liability will be limited to the amount of wages due.

S.Rep. No. 640, 81st Cong., 1st Sess. ____, reprinted in [1949] U.S.Code Cong.Serv. 2241, 2249.

6. The employee argues that there is not "payment in full" (and indeed payment is not even "accepted") until the check is cashed. We reject this argument in the present context, and

employee here did in fact waive his right to sue under the statute.

The judgment of the district court is therefore REVERSED and the case REMANDED with instructions that the complaint be dismissed.

pretermit the question of whether dishonor of the check on due presentment voids the otherwise binding waiver. *Cf.* U.C.C. § 2–511.