**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TED A. OFF, Ssg, USA Retired,

Plaintiff - Appellant,

v.

UNITED STATES GOVERNMENT,

Defendant - Appellee.

No. 10-17389

D.C. No. 2:09-cv-01525-KJD-LRL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Ted A. Off appeals pro se from the district court's judgment dismissing his

employment action. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo, and may affirm on any ground supported by the record. *Thompson v. Paul*,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

Dismissal of Off's wrongful termination claims was proper because these claims are time-barred, as Off filed this action over thirteen years after his terminations.  *See* 28 U.S.C. § 2401(a) (providing that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues").

The district court properly dismissed Off's claims under the Fair Labor Standards Act ("FLSA") and Privacy Act as time-barred.  *See Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1144 (9th Cir. 2007) (FLSA claims are subject to at most a three-year statute of limitations); *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990) ("The Privacy Act provides a two year statute of limitation, 5 U.S.C. § 552a(g)(5), which commences when the person knows or has reason to know of the alleged violation.").

The district court properly dismissed Off's due process claim because he failed to specify any federal official acting in an individual capacity who allegedly violated his constitutional rights.  *See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (*Bivens* claims for alleged constitutional violations may be brought against federal officials in their individual capacities, not against the United States which is protected by

sovereign immunity).

The district court properly dismissed Off's habeas corpus claim because he failed to allege that he is in custody. *See, e.g.*, 28 U.S.C. § 2254(a) (habeas corpus relief may be sought by "a person in custody pursuant to the judgment of a State court").

The district court did not abuse its discretion by granting the United States' motion to extend the time to respond to Off's complaint. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (discussing standard of review for extension requests under Fed. R. Civ. P. 6(b)).

The district court did not abuse its discretion by denying Off's motion for recusal. *See Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712-13 (9th Cir. 1993) (per curiam) (discussing standard of review and noting that adverse rulings alone are insufficient to demonstrate judicial bias).

Off's remaining contentions are unpersuasive.

Off's "Request for Extension and Special Consideration," filed on July 21, 2011, is denied.

**AFFIRMED.**

10-17389