# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2013

Lyle W. Cayce
Clerk

No. 13-10347

SHANNON OWENS; MICAH PACK, individually and on behalf of all
similarly situated,

Plaintiffs – Appellees

v.

MARSTEK, L.L.C., doing business as Condom Sense; SKCMK, L.L.C.;
STEVEN KAHN, individually,

Defendants – Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1435

Before KING, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

In this Fair Labor Standards Act case, Plaintiffs–Appellees Shannon
Owens Ferrell and Micah Pack claim that they were not properly compensated
for the overtime hours they worked at Marstek, L.L.C., and SKCMK, L.L.C.,
both doing business as "Condom Sense." The district court granted summary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-10347

judgment to Ferrell and Pack and granted their motion for attorney's fees and costs. Defendants–Appellants timely appealed. For the following reasons, we AFFIRM.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Shannon Owens Ferrell[1] and Micah Pack (the "Plaintiffs") are former employees of SKCMK, L.L.C. ("SKCMK") and Marstek, L.L.C. ("Marstek"), limited liability companies operating as individual stores under the "Condom Sense" name and owned by Steven Kahn (together, the "Defendants"). Condom Sense is a chain of five Dallas- and Fort Worth-area adult novelty stores, all owned by Kahn.

Ferrell began working for Condom Sense as a store clerk, paid hourly, in May 2006. She started at the Marstek store and later moved to the SKCMK store. She was promoted to manager in January 2008 and continued to be paid on an hourly basis. Ferrell resigned in May 2011. According to her declaration, she worked 308.7 hours of overtime between June 28, 2008, and May 2011, for which she was paid at her hourly rate, rather than time-and-a-half her hourly rate. Her rate of pay during that period was $13.00 per hour. She asserts that she is owed $2,006.55 in unpaid overtime wages.

Pack began working for Condom Sense as a store clerk, paid hourly, in August 2008. He worked at both the SKCMK and Marstek stores. He left his position in May 2011. According to his declaration, he worked 1,311.75 hours of overtime between September 2008 and May 2011, for which he was paid at his hourly rate, rather than time-and-a-half his hourly rate. His rate of pay during that period ranged from $8.00 to $9.25 per hour. He asserts that he is owed $5,653.64 in unpaid overtime wages.

---

[1] Owens married and changed her name after the complaint was filed.

No. 13-10347

Pack submitted a complaint to the Department of Labor ("DOL") in early 2011 because he believed he "was working lots of overtime hours, and [he] wasn't getting appropriately compensated for it." In February 2011, the DOL informed Kahn that it was investigating Condom Sense for possible violations of wage and hour laws. The DOL concluded that Condom Sense's policies regarding overtime compensation violated the Fair Labor Standards Act ("FLSA") and that certain employees, including Ferrell and Pack, were owed back wages. The DOL concluded that Ferrell was due $396.12 and Pack was due $3,551.40.

Kahn arranged for Ferrell and Pack to receive the DOL-calculated back wages as part of their regular paychecks, to be spaced over several installments.[2] In late March 2011, Ferrell and Pack noticed increases in their paychecks and asked Kahn about them. They "were informed that the money was payments for back wages from the DOL settlement." Ferrell testified at her deposition that Kahn refused to provide her with any documentation about the DOL-calculated back wages. According to her declaration, she informed the company's payroll manager "that [she] did not want the money and asked that it be taken out of [her] regular paycheck." Thereafter, Defendants sent separate checks to Plaintiffs with the DOL-calculated back wages. Ferrell refused the checks and returned them to the company. She asserted that she did not accept any money in payment of the back wages. Similarly, Pack testified at his deposition that the first installment of the DOL-calculated back wages was direct-deposited into his back account with his regular paycheck, but he informed Kahn that he did not want the money. According to his declaration, he did not accept "any money in payment of the DOL settlement of [his] back wages."

---

[2] Kahn's agreement with the DOL to pay the back wages is referred to in the record and briefs as the "DOL settlement."

3

Ferrell and Pack "decided to pursue a private cause of action against Defendants rather than take the unknown DOL settlement." They filed suit in federal district court on June 29, 2011, against SKCMK, Marstek, and Kahn. The complaint alleged that Defendants violated the FLSA "by paying employees straight time for overtime hours[,] thereby failing to pay those workers at time-and-one-half their regular rates of pay for all hours worked within a workweek in excess of forty hours." The complaint included, as plaintiff class members,[3] "[a]ll current and former hourly paid employees, regardless of title, who were not paid at time-and-one-half their regular rates of pay for hours worked over 40 in a work week." Plaintiffs alleged that "Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the Class Members." Plaintiffs sought unpaid back wages, liquidated damages, costs, attorney's fees, and pre- and post-judgment interest.

In their answer, Defendants asserted as defenses waiver, good faith under the Portal-to-Portal Act, and Defendants' "reasonable grounds [for] believ[ing] that they complied with the FLSA" given their lack of "actual or constructive knowledge of any FLSA violation," among other defenses. Following unsuccessful attempts at alternative dispute resolution, Plaintiffs filed their motion for summary judgment on November 19, 2012, contending that the FLSA applies to Defendants, there were no issues of material fact, and Plaintiffs established violations of the FLSA. Plaintiffs argued that they were entitled to liquidated damages, that Defendants' conduct was in willful violation of the FLSA and thereby extended the statute of limitations from two

---

[3] Plaintiffs included a collective action claim pursuant to 29 U.S.C. § 216(b), although it appears from the record as though Plaintiffs never moved for conditional certification.

4

years to three years, and that Defendants had no evidence to support their good faith defense.

Defendants responded that the DOL determined the amount of money Ferrell and Pack were owed, and that "[t]he Plaintiffs and their attorneys cannot turn this case into thousands of dollars to hold Defendants hostage over what the government has already said is owed and what the defendants have agreed to pay." Defendants said they "have offered to tender these amounts, [but] Plaintiffs will not agree to accept the amount offered. Therefore, Defendants contend that the amount should be $0.00, given the need to incur depositions, costs, and attorneys' fees on a matter that Defendants believe is frivolous under the circumstances." Defendants did not contest Plaintiffs' factual assertions.

The district court granted Plaintiffs' motion for summary judgment. Though Defendants asserted that they "tendered to Plaintiffs the amounts of unpaid overtime as determined were owed in accordance with the DOL investigation," the district court noted that "Defendants do not otherwise counter Plaintiffs' factual allegations or argument." The court "agree[d] with Plaintiffs that the settlement reached between the DOL and Defendants has no bearing on Plaintiffs' ability to bring this case since Plaintiffs did not accept the tendered offer because they found it too low." The court found that Plaintiffs established the applicability of the FLSA and that Defendants violated the FLSA. The court noted that "Defendants fail to sufficiently raise any dispute of fact that would preclude disposition on summary judgment. Defendants further fail to take issue with Plaintiffs' legal arguments or provide any legal argument or citation in opposition." As a result, the court held that Defendants were liable to Plaintiffs for violating the FLSA. Since Plaintiffs "do not explain how the extra money added to their paychecks offsets the

amount that they believe is owed," the court ordered the parties to brief that issue.

In their subsequent motion for attorney's fees, Plaintiffs asserted that they did not accept *any* money from the DOL settlement and attached declarations from Ferrell and Pack to this effect.  They contended that therefore, any damages award determined by the court should not be offset by any amount.  Plaintiffs claimed that Ferrell is owed $2,006.55 and Pack is owed $5,653.64 in unpaid overtime wages, and requested attorney's fees in the amount of $30,050.84 and costs in the amount of $2,358.20.  Plaintiffs detailed their attorneys' qualifications, outlined the time and labor involved in litigating the matter, explained why the requested attorney's fees were reasonable, and attached contemporaneous time records to their motion.  Defendants filed a one-sentence response, "incorporating by reference their response to the Motion for Summary Judgment, where these matters were fully briefed."

The district court concluded that, since Plaintiffs supported their statements with declarations from Ferrell and Pack, and Defendants did not dispute those facts, Plaintiffs established that Ferrell and Pack are owed the amount they claimed.  The court held that Plaintiffs were entitled to liquidated damages because "Defendant [Kahn] does not even attempt to make a showing of good faith," nor did he show that he acted reasonably.  The court awarded attorney's fees and costs in the amounts requested by Plaintiffs, "finding that Defendants do not dispute any of Plaintiffs' allegations with respect to the same" and that the amounts are "warranted and reasonable."

Defendants timely appealed both orders.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

We review de novo a grant of summary judgment, applying the same standard as the district court. *First Am. Title Ins. Co. v. Cont'l Cas. Co.*, 709

F.3d 1170, 1173 (5th Cir. 2013).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court "view[s] all evidence in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007).

The FLSA "establishes the general rule that all employees must receive overtime compensation for hours worked in excess of forty hours during a seven-day workweek."  *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).  Specifically, § 207(a)(1) of the FLSA states:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

"A district court's determination of attorneys' fees is reviewed for abuse of discretion, and the findings of fact supporting the award are reviewed for clear error."  *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008).

## III.  DISCUSSION

The district court's findings that Defendants are covered by the FLSA and that their actions violated the FLSA are not contested.  Therefore, we proceed to Defendants' arguments.  Defendants argue that: (a) they raised genuine issues of material fact regarding Plaintiffs' waiver; (b) the district court's holding is unconstitutional and against public policy; (c) the waiver provision of the FLSA is unconstitutional; (d) they raised an issue of material fact regarding the liquidated damages award; and (e) the liquidated damages

and attorney's fees awards are punitive and excessive. Each of these arguments is unpersuasive and will be addressed in turn. We conclude that the district court was correct in all respects, and we affirm its decision.

### A. Waiver

A valid waiver of an employee's right to seek unpaid overtime wages requires "(a) that the employee agree to accept the payment which the [DOL] determines to be due and (b) that there be 'payment in full.'" *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977); *see also* 29 U.S.C. § 216(c). Defendants contend that they raised "a genuine issue of fact as to amount of payment in full" because "[Defendants] paid monies to [Plaintiffs], some of which were accepted and some were not." Plaintiffs respond that there are no genuine issues of material fact and that they never waived their rights under the FLSA both because the defendants never tendered the money in full and because Plaintiffs "<u>refused</u> to accept the extra monies put in their paychecks."

The district court found, based on Ferrell and Pack's unrebutted declarations, that Ferrell and Pack "refused the extra money in their paychecks and refused separate checks from Defendants." Thus, Plaintiffs did not agree to accept payment, *and* there was not payment in full. Defendants did not dispute these facts before the district court and do not dispute them now. Accordingly, Defendants fail to create a genuine issue of material fact on either element of their affirmative defense of waiver.

### B. Defendants' Constitutionality and Policy Arguments

Defendants argue that the district court's ruling is "unconstitutional and violates the intent of the [FLSA]" because "[t]he waiver provision of the FSLA [sic], as interpreted by the District Court, is not only incorrect [but] it leaves employers at risk once again for compliance issues and lawsuits." Defendants do not articulate any constitutional argument, nor do they cite any authority

for the proposition that the district court's ruling is unconstitutional. Rather, Defendants' argument amounts to a challenge to the district court's application of the FLSA. Accordingly, we find Defendants' "constitutional" argument without merit and treat it as a challenge to the district court's application of the FLSA.

The district court correctly applied the FLSA to the facts at issue. The FLSA provides that an employee need not accept back wages from an employer, as calculated by the DOL. Rather, an employee may choose to pursue an action in court against an employer who violates the FLSA, and in pursuing such action, can maintain a claim not only for back wages, but also for liquidated damages, attorney's fees, and costs. 29 U.S.C. § 216(b); *see Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 720 (W.D. Tex. 2010) ("Plaintiffs are not required to accept such backwages and deductions as compensation for Defendant's violation(s) of the FLSA overtime wage provisions."). Here, the district court found a violation of the FLSA and concluded, based on the unrebutted summary judgment record, that Defendants failed to raise a valid waiver defense. The district court's awards of liquidated damages and attorney's fees, as discussed below, were mandatory and not an abuse of discretion. Accordingly, Defendants' challenge to the district court's decision fails.

Defendants contend in their statement of the issues that the waiver provision of the FLSA is unconstitutional as written. They do not make this argument elsewhere. Defendants also make two arguments about the application of the FLSA that rely on legislative history and policy. Defendants explain that when Congress crafted the FLSA's waiver provision, it sought to lower the risk that "threats of lawsuits regarding matters that an employer has and was willing to address through the government agency of the DOL" would threaten "free enterprise and creation of jobs." This argument seems to

9

be that the legislative history of the FLSA reflects Congress's interest in encouraging potential plaintiffs to accept DOL-calculated back wages. Defendants also argue that "punish[ing]" them by requiring them to pay back wages and other damages sends a negative message "to a business who opens jobs to stimulate the economy."

We do not reach any of these arguments because Defendants waived them by failing to raise them before the district court.  *See XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008) ("An argument not raised before the district court cannot be asserted for the first time on appeal.").

**C. Liquidated Damages**

Under the FLSA, a court must award liquidated damages when it finds a violation of § 207: "Any employer who violates the provisions of section 206 or section 207 of this title *shall be liable* to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) (emphasis added).  Section 260 creates an exception to this requirement, available to the district court at its discretion:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith *and* that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260 (emphasis added).  Under this court's precedents, "[a]n employer found liable under section 206 or section 207 has the 'substantial burden' of proving to the satisfaction of the trial court that its acts giving rise to the suit are *both* in good faith *and* reasonable."  *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990) (emphasis original).

Defendants contend that they "certainly raised a genuine issue of fact" regarding good faith and reasonableness. Defendants observe that "Kahn testified that he and [sic] on behalf of the Appellants did not know they had done anything wrong," which is "more than adequate evidence to warrant a trial on the merits regarding good faith and reasonableness."

Defendants' argument fails on both prongs. As examples of good faith, Defendants point to the fact that they "attempted to pay back uncompensated overtime [wages]" and told Terrell to contact the DOL investigator with any questions about the DOL settlement. These actions may suggest good faith compliance with the DOL's findings, but they do not show "that the act or omission giving rise to such action," i.e., the FLSA violation in the first place, was made in good faith. Further, Defendants offered no evidence that Kahn had reasonable grounds for believing that his actions were not a violation of the FLSA. *See Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468–69 (5th Cir. 1979) ("We do not believe an employer may rely on ignorance alone as *reasonable* grounds for believing that its actions were not in violation of the Act."). Defendants' bare assertions cannot carry their "substantial burden" of demonstrating good faith and reasonableness. Accordingly, their argument fails.

Defendants also argue that the award of liquidated damages is punitive and excessive. Defendants waived this argument by failing to contest the issue of liquidated damages on this basis before the district court. *See XL Specialty*, 513 F.3d at 153.

### D. Attorney's Fees

As with liquidated damages, under the FLSA, a court must award attorney's fees when it finds a violation of § 207: "The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

29 U.S.C. § 216(b) (emphasis added); *see Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979) ("Reasonable attorneys' fees are mandatory.").

Defendants argue that the award of attorney's fees, like the award of liquidated damages, is punitive and excessive.  They contend that this argument is not waived because they made "[a]dequate proof showing that the award of attorneys' fees was contested" in their Response to the Motion for Summary Judgment.  In that Response, Defendants stated: "While Defendants have offered to tender these amounts [the DOL-calculated back wages], Plaintiffs will not agree to accept the amount offered.  Therefore, Defendants contend that the amount should be $0.00, given the need to incur depositions, costs, and attorneys' fees on a matter that Defendants believe is frivolous under the circumstances."

This two-sentence argument does not challenge the issue of attorney's fees in any way, including as excessive or punitive.  Therefore, we conclude that Defendants waived this argument by failing to raise the issue of attorney's fees before the district court.  *See XL Specialty*, 513 F.3d at 153.

## IV.    CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.