**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SUZANNE MACDONALD,
                *Plaintiff-Appellant,*

v.

GRACE CHURCH SEATTLE; PACIFIC
NORTHWEST PRESBYTERY OF THE
PRESBYTERIAN CHURCH IN AMERICA;
PRESBYTERIAN CHURCH (U.S.A.),
                *Defendants-Appellees.*

No. 04-35984

D.C. No.
CV-03-02955-RSL

OPINION

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted
June 9, 2006—Seattle, Washington

Filed August 11, 2006

Before: David R. Thompson, A. Wallace Tashima, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Thompson

**COUNSEL**

Kathleen Phair Barnard, Seattle, Washington, for the plaintiff-appellant.

Steven T. O'Ban, Seattle, Washington, for defendant-appellee Grace Church Seattle.

Laurie L. Johnston, Seattle, Washington, for defendants-appellees Pacific Northwest Presbytery of the Presbyterian Church in America and Presbyterian Church (U.S.A.).

**OPINION**

THOMPSON, Senior Circuit Judge:

Plaintiff-Appellant Suzanne MacDonald (MacDonald) appeals the district court's dismissal of her Title VII claims against the defendant nonprofit religious organizations for sexual harassment and retaliation because she failed to file her charges with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last alleged discriminatory act. She asserts that the longer 300-day filing deadline (with which she complied) applies because the Washington State Human Rights Commission (Washington Commission) had subject matter jurisdiction over her charges. She argues that even though the Washington Law Against Discrimination exempts nonprofit religious organizations from the definition of "employer," the Washington Commission had subject matter jurisdiction because it is designated as a Fair Employment Practice (FEP) agency by the EEOC. She also contends that the Washington Commission had subject matter jurisdiction because the Washington Law Against Discrimination contains

provisions that prohibit sex discrimination and retaliation by parties other than "employers."

MacDonald further argues, for the first time on appeal, that the exemption of nonprofit religious organizations from employment discrimination liability under the Washington Law Against Discrimination violates the Establishment and Equal Protection Clauses of the United States Constitution. She contends that because the nonprofit religious organization exemption is unconstitutional, the defendants were not exempt from her charges, the Washington Commission had subject matter jurisdiction to consider her charges, and therefore the 300-day filing deadline applies. Exercising our discretion, we decline to consider this constitutional argument raised for the first time in these appellate proceedings.

We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's dismissal of MacDonald's Title VII claims. The Washington Commission did not have subject matter jurisdiction over MacDonald's charges and therefore the 180-day deadline applies for the required filing with the EEOC. MacDonald did not file her charges with the EEOC within the 180-day time limit, and as a result her Title VII claims were properly dismissed.

## I.   BACKGROUND

On February 21, 2003, MacDonald filed a charge with the Washington Commission and the EEOC, alleging gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, by defendants Grace Church Seattle (Grace), The Pacific Northwest Presbytery of the Presbyterian Church in America (PNWP), and The Presbyterian Church in America (PCA).[1] MacDonald, an office administrator for Grace, alleged that she had been sexually

---

[1]Grace is a local church. The PNWP is a regional presbytery. The PCA is the national body of the denomination.

harassed by Grace's pastor, who was her supervisor. Mac-Donald alleged that the last discriminatory act occurred on April 30, 2002, when she was allegedly terminated from her employment by the defendants in retaliation for reporting the pastor's sexual harassment. She filed her charges with the EEOC and with the Washington Commission more than 180 days, but less than 300 days, after the last act of alleged discrimination. On July 2, 2003, the EEOC dismissed MacDonald's charges.

MacDonald then filed this action alleging gender discrimination and retaliation under Title VII, wrongful discharge in violation of the public policy of the State of Washington, and invasion of privacy under the common law of the State of Washington. MacDonald alleged that the defendants Grace, PNWP and PCA were all her "employer" as defined in Title VII. MacDonald did not plead any claims under the Washington Law Against Discrimination.

The district court granted the defendants' motions to dismiss, holding that MacDonald's Title VII claims were untimely because she failed to file her charge with the EEOC within 180 days of the last alleged discriminatory employment practice.[2] The district court held that the longer 300-day filing period was not available to MacDonald because the Washington Commission, the relevant FEP agency, did not have subject matter jurisdiction over her charges because non-profit religious organizations are exempt from the Washington Law Against Discrimination's employment discrimination provisions.

MacDonald filed a motion for reconsideration, which the district court denied. MacDonald argued that the Washington

___

[2]The district court also dismissed with prejudice MacDonald's invasion of privacy claim and dismissed without prejudice her discharge in violation of public policy claim. MacDonald does not appeal the dismissal of those claims.

Commission had jurisdiction over her claims and thus she was entitled to the 300-day filing period because the EEOC regulations designated the Washington Commission as a FEP agency to hear her discrimination claims without any exception for charges against a nonprofit religious organization. She also argued that the Washington Commission had subject matter jurisdiction over her retaliatory discharge claim on the ground that the defendants were "persons," in addition to being her "employers," under the retaliation provision of the Washington Law Against Discrimination. The district court disagreed, denied MacDonald's motion for reconsideration, and this appeal followed.

## II.   STANDARD OF REVIEW

In dismissing MacDonald's complaint, the district court mistakenly applied Federal Rule of Civil Procedure 12(b)(6). *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004). "A Rule 12(b)(6) motion must be made *before* the responsive pleading." *Id.* (citing Fed. R. Civ. P. 12(b)(6)). "Here, the [d]efendants filed their motion to dismiss *after* filing their answer." *Id.* "Thus, the motion should have been treated as a motion for judgment on the pleadings, pursuant to Rule 12(c) or 12(h)(2)." *Id.* Accordingly, we treat the district court's dismissal of MacDonald's Title VII claims as a grant of a motion for judgment on the pleadings. *See id.* at 954-55.

"We review de novo a district court's dismissal of a complaint [by] judgment on the pleadings." *See id.* at 955. We accept as true all allegations in MacDonald's complaint and treat as false those allegations in the answer that contradict MacDonald's allegations. *See id.* We review a district court's denial of a motion for reconsideration for an abuse of discretion. *See Smith v. Pacific Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004).

## III.   DISCUSSION

### A.   *Title VII Time Limits for Filing Charges with the EEOC*

[1] Title VII establishes two potential time limitations periods within which a plaintiff must file an administrative charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1).[3] Generally, a Title VII plaintiff must file an administrative charge with the EEOC within 180 days of the last act of discrimination. *See id.* However, the limitations period is extended to 300 days if the plaintiff first institutes proceedings with a "State or local agency with authority to grant or seek relief from such practice." *Id.*

[2] The EEOC's regulations provide that the 180-day time limit applies if the State or local FEP agency[4] lacks subject matter jurisdiction over a charge:

> A jurisdiction having a FEP agency without subject matter jurisdiction over a charge (e.g., an agency which does not cover sex discrimination or does not cover nonprofit organizations) is equivalent to a

---

[3]42 U.S.C. § 2000e-5(e)(1) provides that:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred . . . .

[4]FEP agency means "a State or local agency which the [EEOC] has determined satisfies the criteria stated in section 706(c) of title VII [42 U.S.C. § 2000e-5(c)]." 29 C.F.R. § 1601.3(a); *see also* 29 C.F.R. § 1601.70.

jurisdiction having no FEP agency. Charges over which a FEP agency has no subject matter jurisdiction are filed with the Commission upon receipt and are timely filed if received by the Commission within 180 days from the date of the alleged violation.

29 C.F.R. § 1601.13(a)(2).

MacDonald filed her administrative charge with the EEOC more than 180 days, but less than 300 days, after the last alleged discriminatory act. She simultaneously filed an administrative charge with the Washington Commission, the relevant FEP agency.

The parties dispute whether the 180-day or the 300-day time limit applies. MacDonald contends that the 300-day time limit applies because the Washington Commission is a FEP agency with subject matter jurisdiction over her charges. The defendants argue, and the district court held, that the 180-day time limit applies because the Washington Commission did not have subject matter jurisdiction over MacDonald's charges because the defendants, as nonprofit religious organizations, are exempt from employment discrimination charges under the Washington Law Against Discrimination. *See* Wash. Rev. Code § 49.60.040(3).

## B.   The Washington Commission's Designation as a FEP Agency without Exception

**[3]** MacDonald contends that the Washington Commission is a FEP agency with subject matter jurisdiction over all discrimination charges because of its designation as such an agency by the EEOC. Pursuant to 29 C.F.R. § 1601.70(a), the EEOC may designate state and local agencies as "FEP agencies." If the EEOC determines that a state or local agency does not come within the definition of a FEP agency for purposes of a particular ground of discrimination, the agency is

deemed a "Notice Agency" as opposed to a FEP agency. *See* 29 C.F.R. § 1601.71(b). The EEOC lists designate FEP agencies at 29 C.F.R. § 1601.74(a).[5] For some charges, the EEOC has explicitly footnoted exceptions to an agency's designation as a FEP agency and has instead deemed it a Notice Agency for those types of charges.[6] *See, e.g.*, 29 C.F.R. § 1601.74(a) n.2 ("The Arlington Human Rights Commission has been designated as a FEP agency for all charges except those alleging a violation of Title VII by a government, government agency, or political subdivision of the State of Virginia. For these types of charges it shall be deemed a 'Notice agency,' pursuant to 29 C.F.R. § 1601.71(b)."). The Washington Commission is designated as a FEP agency without any exception for any particular charge. *See* 29 C.F.R. § 1601.74(a). MacDonald argues that because the EEOC has explicitly footnoted exceptions for certain charges for other agencies, but not for the Washington Commission, the Washington Commission has subject matter jurisdiction over all discrimination charges. We disagree.

**[4]** The EEOC footnotes in 29 C.F.R. § 1601.74(a) are not the exclusive list of exceptions to a FEP agency's subject matter jurisdiction over particular charges. If they were, the distinction between FEP agencies with and without subject matter jurisdiction in 29 C.F.R. § 1601.13(a)(2) would be superfluous.[7] In addition, none of the FEP agency exceptions foot-

---

[5]Approximately 120 state and local agencies are designated as FEP agencies in 29 C.F.R. § 1601.74(a).

[6]There are ten exceptions footnoted, deeming certain agencies as Notice agencies rather than FEP agencies for particular types of charges. *See* 29 C.F.R. § 1601.74(a).

[7]29 C.F.R. § 1601.13(a)(2) provides that:

> A jurisdiction having a FEP agency without subject matter jurisdiction over a charge (e.g., an agency which does not cover sex discrimination or does not cover nonprofit organizations) is equivalent to a jurisdiction having no FEP agency. Charges over which a FEP agency has no subject matter jurisdiction are filed

noted in 29 C.F.R. § 1601.74(a) resembles the additional two examples of FEP agencies without subject matter jurisdiction provided in 29 C.F.R. § 1601.13(a)(2): "e.g., an agency which does not cover sex discrimination or does not cover nonprofit organizations."[8] *See* 29 C.F.R. § 1601.74(a). Although the Washington Commission is not included in the footnotes in 29 C.F.R. § 1601.74(a), the exception for nonprofit religious organizations set forth in the Washington Law Against Discrimination is similar to the example of a FEP agency's lack of subject matter jurisdiction over a nonprofit organization set forth in 29 C.F.R. § 1601.13(a)(2). Further, decisions by other

---

> with the Commission upon receipt and are timely filed if received by the Commission within 180 days from the date of the alleged violation.

If, as MacDonald contends, the EEOC footnotes in 29 C.F.R. § 1601.74(a) are the exclusive list of exceptions to a FEP agency's subject matter jurisdiction over particular charges, then there would be no need in 29 C.F.R.§ 1601.13(a)(2) to refer to "a FEP agency without subject matter jurisdiction over a charge." Instead, 29 C.F.R.§ 1601.13(a)(2) would refer to a "Notice Agency." This provides some indication that a FEP agency's lack of subject matter jurisdiction over a charge is not limited solely to those charges for which it is deemed a Notice Agency (i.e., the EEOC footnotes in 29 C.F.R. § 1601.74(a)).

[8]Two generic examples of "a FEP agency without subject matter jurisdiction" over particular charges are set forth in 29 C.F.R. § 1601.13(a)(2). One example is "an agency which does not cover sex discrimination" charges; the other example is an agency which "does not cover [charges against] nonprofit organizations." 29 C.F.R. § 1601.13(a)(2). MacDonald argues that the EEOC footnotes in 29 C.F.R. § 1601.74(a) are the exclusive list of exceptions to a FEP agency's subject matter jurisdiction over particular charges. That argument fails, however, because none of the allegedly exclusive exceptions involves the two generic examples of non-jurisdiction provided in 29 C.F.R. § 1601.13(a)(2). It would be bizarre for the regulations to, on the one hand, set forth a specific and exclusive list of exceptions and then, on the other hand, give two generic examples of additional exceptions that do not appear in the supposed "exclusive" list. This supports the view that there are charges over which a FEP agency may lack subject matter jurisdiction in addition to those listed in the EEOC footnotes in 29 C.F.R. § 1601.74(a).

courts support the view that the footnotes in 29 C.F.R. § 1601.74(a) do not provide the exclusive exceptions to a FEP agency's subject matter jurisdiction. *See Dezaio v. Port Auth.*, 205 F.3d 62, 65-66 (2d Cir. 2000) (determining that the New York State Division on Human Rights lacked subject matter jurisdiction over charge against Port Authority even though it is designated in 29 C.F.R. § 1601.74(a) as a FEP agency without exception); *Vitug v. Multistate Tax Comm'n*, 860 F.Supp. 546, 550-51 (N.D. Ill. 1994) (determining that the Illinois Department of Human Rights lacked subject matter jurisdiction over charge against small employer even though it is designated in 29 C.F.R. § 1601.74(a) as a FEP agency without exception).

**[5]** As a result, the EEOC's designation in 29 C.F.R. § 1601.74(a) of the Washington Commission as a FEP agency without exception as to any charge is not determinative of whether the Washington Commission had subject matter jurisdiction over MacDonald's charges. To decide that question, we must examine Washington State law to determine whether the Washington Law Against Discrimination precluded the Washington Commission's consideration of MacDonald's charges.

### C.   *Permissibility of Looking to State Law to Determine a FEP Agency's Subject Matter Jurisdiction*

MacDonald argues that *EEOC v. Commercial Office Prod. Co.*, 486 U.S. 107 (1988), prohibits engaging in an analysis of state law to determine whether the Washington Commission had subject matter jurisdiction over her charges. In *Commercial Office*, the Supreme Court held that a plaintiff who filed an administrative discrimination charge that was untimely under state law was nonetheless entitled to the 300-day time limit for filing with the EEOC. *See id.* at 123. The defendant employer had argued that the 300-day federal filing time limit was inapplicable in the absence of a timely filing under state law because the state agency lacked the requisite

"authority to grant or seek relief." *See id.* at 122-23. The Supreme Court rejected this argument, stating that "the words 'authority to grant or seek relief' refer merely to enabling legislation that establishes state or local agencies, not to state limitations requirements." *Id.* at 123. In holding that "state time limits for filing discrimination claims do not determine the applicable federal time limit," the Supreme Court reasoned that:

> Title VII also is a remedial scheme in which lay persons, rather than lawyers, are expected to initiate the process. The importation of state limitations periods into § 706(e) [42 U.S.C. § 2000e-5(e)] not only would confuse lay complainants, but also would embroil the EEOC in complicated issues of state law. In order for the EEOC to determine the timeliness of a charge filed with it between 180 and 300 days, it first would have to determine whether the charge had been timely filed under state law, because the answer to the latter question would establish which of the two federal limitations periods should apply. This state-law determination is not a simple matter. The EEOC first would have to determine whether a state limitations period was jurisdictional or nonjurisdictional. And if the limitations period was nonjurisdictional, like Colorado's in this case, the EEOC would have to decide whether it was waived or equitably tolled. The EEOC has neither the time nor the expertise to make such determinations under the varying laws of the many deferral States and has accordingly construed the extended 300-day period to be available regardless of the state filing.

*Id.* at 123-24.

[6] Contrary to the position asserted by MacDonald, the Supreme Court in *Commercial Office* indicated that it is per-

missible to look to "enabling legislation that establishes state or local agencies" to determine whether an agency has the "authority to grant or seek relief." *Id.* at 123. In the present case, the State of Washington's enabling statute is the Washington Law Against Discrimination and it specifies whether the Washington Commission has the "authority to grant or seek relief" regarding MacDonald's charges. The Washington Law Against Discrimination limits the jurisdiction of the Washington Commission "[t]o receive, impartially investigate, and pass upon complaints alleging unfair practices *as defined in this chapter.*" Wash. Rev. Code § 49.60.120(4) (emphasis added). Further, under Wash. Rev. Code § 49.60.120(7), the Washington Commission's jurisdiction is expressly limited to claims that would constitute an unfair practice under the Washington Law Against Discrimination: "[T]he powers which may be exercised by the commission under this subsection permit investigations and complaint dispositions *only if* the investigations are designed to reveal, or the complaint deals only with, allegations which, if proven, would constitute unfair practices *under this chapter.*" Wash. Rev. Code § 49.60.120(7) (emphasis added). Because the Washington Law Against Discrimination, which is the enabling statute, limits the Washington Commission's subject matter jurisdiction, we must analyze the scope of that state law.

[7] In addition, 29 C.F.R. § 1601.13(a)(2) indicates that it is permissible to look to state law to determine whether a FEP agency has subject matter jurisdiction over a charge. This regulation explicitly requires ascertaining whether or not a FEP agency has subject matter jurisdiction in order to determine whether the 180-day or 300-day time limit applies. *See* 29 C.F.R. § 1601.13(a)(2). *Commercial Office* did not consider 29 C.F.R. § 1601.13(a)(2) because it concerned state time limits as opposed to a state agency's subject matter jurisdiction.

[8] Subsequent to *Commercial Office*, other courts have looked to state law to ascertain whether a state or local agency

had subject matter jurisdiction over a discrimination charge to determine whether the 180-day or 300-day time limit applies. *See Dezaio*, 205 F.3d at 65-66 (looking to New York anti-discrimination laws and bi-state Compact creating Port Authority to determine that the New York State Division on Human Rights lacked subject matter jurisdiction over charge against Port Authority); *Vitug*, 860 F.Supp. at 550-51 (looking to Illinois Human Rights Act to determine that the Illinois Department of Human Rights lacked subject matter jurisdiction over employer with less than fifteen employees).

**[9]** We conclude that it is appropriate to look to the Washington Law Against Discrimination to determine whether the Washington Commission had subject matter jurisdiction over MacDonald's charges.

### D. The Washington Commission's Subject Matter Jurisdiction Over MacDonald's Charges

The Washington Law Against Discrimination exempts nonprofit religious organizations, such as the defendants, from the definition of "employer." *See* Wash. Rev. Code § 49.60.040(3) (" 'Employer' . . . does not include any religious or sectarian organization not organized for private profit."). Because MacDonald alleges that the defendants were her "employer," her charges against them as employers are exempt from the Washington Commission's subject matter jurisdiction, and thus the 300-day time limit does not apply.

To avoid this result, MacDonald argues for the first time on appeal that such an exemption violates the Establishment and Equal Protection Clauses of the United States Constitution. She also argues that the Washington Law Against Discrimination contains provisions that prohibit sex discrimination and retaliation by parties other than "employers" and therefore applies to the defendants. We first turn to her constitutional claims.

## 1.   Constitutional Issues

For the first time on appeal, MacDonald argues that the exemption of nonprofit religious organizations from employment discrimination charges under the Washington Law Against Discrimination violates the Establishment and Equal Protection Clauses of the United States Constitution. She contends that because the Washington state law exemption for nonprofit religious organizations is unconstitutional, the Washington Commission had subject matter jurisdiction over her charges against the defendants and the 300-day filing deadline applies.

[10] "We will review an issue that has been raised for the first time on appeal under certain narrow circumstances . . . [:] (1) to prevent a miscarriage of justice; (2) when a change in law raises a new issue while an appeal is pending; and (3) when the issue is purely one of law." *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) (internal citations omitted). "The decision to consider an issue not raised below is discretionary, and such an issue should not be decided if it would prejudice the other party." *Id.*

[11] We decline to consider the constitutionality of the nonprofit religious organization exemption set forth in the Washington Law Against Discrimination for "employers" discriminating on the basis of sex. None of the three narrow circumstances which must exist for us to consider an issue raised for the first time on appeal is present in this case. Primarily, MacDonald's constitutional challenge is not a pure question of law, but rather depends on a determination of factual matters including whether the Washington Law Against Discrimination's nonprofit religious organization exemption prevents "potentially serious encroachments on protected religious freedoms." *Texas Monthly, Inc. v. Bullock*, 489 U.S. 1, 18 n.8 (1989); *cf. Elvig v. Ackles*, 98 P.3d 524, 525 (Wash. Ct. App. 2004) (affirming the dismissal of a minister's sexual harassment claims because adjudicating the case "would

require a civil court to impermissibly examine decisions made by a church tribunal"). Accordingly, we exercise our discretionary power not to review MacDonald's constitutional claims which she raises for the first time in this appeal.

## 2. MacDonald's Charges Under the Washington Law Against Discrimination

Apart from her constitutional claims, which we do not consider, MacDonald does not contend that her sexual harassment charge survives under Wash. Rev. Code § 40.60.180, which exempts nonprofit religious organizations from discrimination by "employers" on the basis of sex. *See also* Wash. Rev. Code § 49.60.040(3). However, MacDonald contends that other provisions of the Washington Law Against Discrimination, namely Wash. Rev. Code §§ 49.60.010,[9] 49.60.030,[10] and 49.60.210(1),[11] prohibit sex discrimination

---

[9]Wash. Rev. Code § 49.60.010 provides:

> This chapter shall be known as the "law against discrimination". It is an exercise of the police power of the state for the protection of the public welfare, health, and peace of the people of this state, and in fulfillment of the provisions of the Constitution of this state concerning civil rights. The legislature hereby finds and declares that practices of discrimination against any of its inhabitants because of race, creed, color, national origin, families with children, sex, marital status, age, or the presence of any sensory, mental, or physical disability . . . are a matter of state concern, that such discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state. A state agency is herein created with powers with respect to elimination and prevention of discrimination in employment, in credit and insurance transactions, in places of public resort, accommodation, or amusement, and in real property transactions because of race, creed, color, national origin, families with children, sex, marital status, age, or the presence of any sensory, mental, or physical disability . . . ; and the commission established hereunder is hereby given general jurisdiction and power for such purposes.

[10]Wash. Rev. Code § 49.60.030 provides in relevant part:

and retaliation by parties other than "employers" and therefore apply to the defendants.

**[12]** MacDonald's arguments fail because the Washington Supreme Court broadly held in *Farnam v. CRISTA Ministries*, 807 P.2d 830, 837 (Wash. 1991), that nonprofit religious employers are exempt from all provisions of the Washington Law Against Discrimination. *See also City of Tacoma v. Franciscan Found.*, 972 Pd. 566, 569 (Wash. Ct. App. 1999) (stating that the Washington Law Against Discrimination authorizes the exemption of nonprofit religious employers from "the law's reach"). This view is also supported by the Washington Supreme Court's decision in *Griffin v. Eller*, 922 P.2d 788, 789-90 (Wash. 1996). In *Griffin*, the Washington Supreme Court relied on *Farnam* to hold that small employers are statutorily exempt from all provisions of the Washington

---

(1)   The right to be free from discrimination because of race, creed, color, national origin, sex, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a disabled person is recognized as and declared to be a civil right. This right shall include, but not be limited to:

(a) The right to obtain and hold employment without discrimination;

. . .

(2) Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy authorized by this chapter or the United States Civil Rights Act of 1964 . . . .

[11]Wash. Rev. Code § 49.60.210(1) provides that "[i]t is an unfair practice for any employer . . . or other person to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden by this chapter . . . ." *See also* Wash. Rev. Code § 49.60.040(1) (expansively defining "person" as including "corporations").

Law Against Discrimination.[12] *See id.* at 790 ("Having previously determined in *Farnam* that [the Washington Law Against Discrimination] does not support a private cause of action against an exempt employer, we are controlled by that precedent."). In *Griffin*, the Washington Supreme Court affirmed the dismissal of the plaintiff employee's sexual harassment and retaliation claims under the Washington Law Against Discrimination.[13] *See id.* at 789.

[13] Based on the Washington Supreme Court's decisions in *Farnam* and *Griffin*, we read Washington State case law as exempting nonprofit religious employers, such as the defendants, from sexual harassment and retaliation charges under the Washington Law Against Discrimination.[14] Thus, the Washington Commission did not have subject matter jurisdiction over MacDonald's charges. Accordingly, the 180-day time limit applies. *See* 29 C.F.R. § 1601.13(a)(2); *see also*

---

[12]The Washington Law Against Discrimination exempts employers with fewer than eight employees, in addition to nonprofit religious organizations, from the definition of "employer." *See* Wash. Rev. Code § 49.60.40(3).

[13]For her argument that provisions of the Washington Law Against Discrimination other than Wash. Rev. Code § 49.60.180 cover her charges, MacDonald relies primarily on *Marquis v. City of Spokane*, 922 P.2d 43, 51 (Wash. 1996), in which the Washington Supreme Court held that an independent contractor could bring a sex discrimination claim under Wash. Rev. Code § 49.60.030, even though she was not protected by Wash. Rev. Code § 49.60.180. However, in *Griffin*, the Washington Supreme Court distinguished between the expanded protections found in *Marquis* and the statutory employer exemptions of Wash. Rev. Code § 49.60.40(3). *See* 922 P.2d at 789-90. The Washington Supreme Court stated that "[u]nlike *Marquis* . . . we are here addressing the issue of a statutory exemption for small employers rather than statutory silence as to independent contractors." *Id.* at 790. Accordingly, *Marquis* does not alter our reading of the Washington Supreme Court's interpretation of the Washington Law Against Discrimination as exempting nonprofit religious employers.

[14]When interpreting state law, a federal court is bound by decisions of the state's highest court. *See Nelson v. City of Irvine*, 143 F.3d 1196, 1206 (9th Cir. 1998).

*Dezaio*, 205 F.3d at 65-66 (holding that because the New York State Division on Human Rights lacked subject matter jurisdiction over discrimination claim against Port Authority, plaintiff was subject to 180-day, not 300-day, time limit for filing EEOC charge); *Vitug*, 860 F.Supp. at 550-51 (holding that because the Illinois Department of Human Rights lacked subject matter jurisdiction over discrimination claim against employer with less than fifteen employees, plaintiff was subject to 180-day, not 300-day, time limit for filing EEOC charge).

## IV. CONCLUSION

[14] Although the Washington Commission is generally considered a FEP agency, it does not have subject matter jurisdiction over charges against nonprofit religious employers. *See* Wash. Rev. Code § 49.60.040(3). We conclude that federal law recognizes such a limitation on a FEP, *see* 29 C.F.R. § 1601.13(a)(2), Title VII's 180-day time limit applies here, and MacDonald is not entitled to the longer 300-day filing deadline. We affirm the district court's dismissal of MacDonald's Title VII claims and its denial of her motion for reconsideration.

**AFFIRMED.**