### Dan S. MUSHRUSH, Plaintiff–Appellant,

v.

### MARTEL CONSTRUCTION, INC., a Montana corporation, Defendant–Appellee.

### No. 06–35048.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2007 *.

Filed Aug. 15, 2007.

Douglas W. Marshall, Esq., Marshall Law Firm, Bozeman, MT, for Plaintiff–Appellant.

Gig A. Tollefsen, Esq., Berg Lilly & Tollefsen, Bozeman, MT, for Defendant–Appellee.

Before: CANBY, TASHIMA, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Plaintiff Dan Mushrush appeals from the denial of his motion for a new trial following a jury trial of a negligence action under Montana law. Our jurisdiction is based on 28 U.S.C. § 1291, and we affirm.

Mushrush fell from scaffolding and was seriously injured while working at a construction site in Bozeman, Montana.[1]

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

Mushrush, who was employed by a subcontractor, brought a diversity suit in federal district court against the general contractor, Martel Construction ("Martel"), alleging negligence under Montana law. Following a week-long trial, the jury returned a verdict for Martel. Mushrush moved for judgment as a matter of law and requested a new trial for damages.

On appeal, Mushrush argues that the district court erred in not holding a hearing to determine whether alleged misconduct by Martel entitled Mushrush to a new trial under Federal Rules of Civil Procedure 59 or 60(b)(3). A district court's decision on a motion to amend the judgment under Rule 59, as well as its decision to deny a motion for a new trial under Rule 60(b) are reviewed for abuse of discretion. *Cashman v. City of Cotati,* 374 F.3d 887, 895–96 (9th Cir.2004); *United States v. Washington,* 394 F.3d 1152, 1157 (9th Cir.2005).

Mushrush raises four issues all of which fall under the general category of discovery misconduct which Mushrush asserts entitles him to a new trial, or at least to an evidentiary hearing on the merits of his claims. Mushrush argues that Martel violated discovery by failing initially to disclose the identity of its safety director, and by relying on an undisclosed expert at trial. However, neither of these issues was raised in the district court, and hence are not preserved for appeal. *MacDonald v. Grace Church Seattle,* 457 F.3d 1079, 1086 (9th Cir.2006).

Mushrush also argues that Martel's failure to disclose its safety manuals until one month before trial prevented Mushrush from presenting a more effective case, and that Martel committed misconduct by cross-examining a witness as to Mush-

rush's salary despite Martel's previous admission as to the salary. The district court concluded that these were minor issues which did not significantly affect the trial. We agree. Mushrush has failed to explain how these issues could have significantly prejudiced his case, or how an evidentiary hearing on these issues would have been useful. The district court did not abuse its discretion in denying the motion for a new trial without holding a hearing on the issues raised by Mushrush.

The judgment of the district court is **AFFIRMED.**