**William SILVERSTEIN, an individual,
Plaintiff–Appellant,**

v.

**EXPERIENCED INTERNET.COM,
INC., a Florida corporation; Patricia
Quesada, an individual; Sylvia Bedo-
ya, an individual, Defendants–Appel-
lees.**

No. 05–16882.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 18, 2008.

Filed Feb. 14, 2008.

Timothy J. Walton, Esq., Walton &
Roess, LLP, Palo Alto, CA, for Plaintiff–
Appellant.

Gary J. Kaufman, Esq., Law Offices of Gary Jay Kaufman, Inc., Los Angeles, CA, for Defendants–Appellees.

Before: WALLACE, HUG, and SCHROEDER, Circuit Judges.

## MEMORANDUM *

William Silverstein ("Silverstein") appeals the district court's dismissal for lack of jurisdiction and its denial of Silverstein's motion for reconsideration. He alleged that he is an Internet Service Provider ("ISP") and that Experienced Internet.com, Inc. ("EIC") sent him unsolicited commercial emails ("spam"), in violation of the CAN–SPAM Act, 15 U.S.C. § 7701–7713, and the California Business & Professions Code § 17500 et seq. He also named EIC's President, Patricia Quesada ("Quesada"), and Vice President, Sylvia Bedoya ("Bedoya"), as defendants in the action. The district court granted defendants' motion to dismiss for lack of personal jurisdiction. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM the district court.

Silverstein conducts business as an ISP with the principal place of business in Los Angeles, California. EIC is a Florida corporation with its principal place of business in Miami, Florida. Quesada and Bedoya are both residents of Miami, Florida. Silverstein alleged that EIC used his servers to deliver spam containing sexually explicit content, and further that the spam did not have the "SEXUALLY–EXPLICIT" designation that is required by 15 U.S.C. § 7704 and 16 C.F.R. § 316.4(a). Without this designation, Silverstein's servers were unable to filter these messages from regular email, and some of these emails were delivered, via Silverstein's servers, to a personal computer in Santa Clara County, California.

Personal jurisdiction rulings, including decisions to dismiss for lack of personal jurisdiction, are reviewed de novo. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004). A denial of a motion for reconsideration is reviewed for an abuse of discretion. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir.2006).

We employ a three-part test to analyze whether a party's minimum contacts are sufficient. This test is satisfied when,

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000). The plaintiff bears the burden of satisfying the first two prongs of the test. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir.2006).

■ Silverstein failed to establish the first prong of the test because he does not show how any of the defendants availed themselves to the forum. All of the defendants are Florida residents and the only business address is located in Miami, Flor-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**680**

ida. Silverstein has offered no evidence to rebut the defendants' sworn affidavits, based on personal knowledge, that indicate they were not the parties responsible for sending offending emails to California. Because Silverstein has not shown that any of the defendants have any contact with California, there is no basis for either specific or general jurisdiction. Personal jurisdiction over the parties does not exist.

 Silverstein also claims that EIC was unresponsive to discovery requests, and that if EIC was responsive, he could have sufficiently established jurisdiction. However, he never made a formal motion for jurisdictional discovery. Therefore, he cannot claim he was denied the opportunity to properly establish jurisdiction.

 After failing to establish jurisdiction, Silverstein requested the district court to reconsider its decision to dismiss for lack of personal jurisdiction. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999). In this case, Silverstein failed to offer any newly discovered evidence or to identify error committed by the district court that would require it to grant a motion for reconsideration. We therefore conclude the district court did not abuse its discretion in denying the motion.

AFFIRMED.

