Kevin SARVER, Plaintiff—Appellant,

v.

TRAVELCENTERS OF AMERICA INC, doing business as TA Travel Center; et al., Defendants—Appellees.

No. 07–56551.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Nov. 7, 2008.

William J. Osborne, Esquire, Osborne & Associates, Sherman Oaks, CA, for Plaintiff–Appellant.

Sean R. Burnett, Esquire, Ashley Ann Dorris, Esquire. Barry Clifford Snyder, Esquire, Snyder Law, A Professional Corporation, Santa Barbara, CA, for Defendants–Appellees.

Before: W. FLETCHER and PAEZ, Circuit Judges, and DUFFY,* District Judge.

## MEMORANDUM **

Kevin Sarver appeals the district court's grant of summary judgment to TravelCenters of America ("TCA") and its order denying Sarver's motion for reconsideration. We affirm.

We review de novo a district court's grant of summary judgment, *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998), and its denial of a motion for reconsideration for abuse of discretion. *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir.2006).

To prevail on a claim of negligence under California law, "[a] plaintiff must show

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that [the] defendant[ ] owed [him] a legal duty, that [the defendant] breached the duty, and that the breach was a proximate or legal cause of [his] injuries." *Saelzler v. Advanced Group 400,* 25 Cal.4th 763, 107 Cal.Rptr.2d 617, 23 P.3d 1143, 1145 (2001) (quoting *Sharon P. v. Arman, Ltd.,* 21 Cal.4th 1181, 91 Cal.Rptr.2d 35, 989 P.2d 121, 125 (1999)). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c).

Sarver has failed to produce any evidence demonstrating a genuine issue of material fact on the issue of causation. Under California law, Sarver must show proximate cause by demonstrating that TCA's alleged breach of duty was a substantial factor in causing his injuries. *Saelzler,* 107 Cal.Rptr.2d 617, 23 P.3d at 1149; *Nola M. v. Univ. of S. Cal.,* 16 Cal.App.4th 421, 20 Cal.Rptr.2d 97, 101 (1993). While the issue of causation is normally an issue to be determined by the jury, when "reasonable minds will not dispute the absence of causation, the question is one of law." *Nola M.,* 20 Cal.Rptr.2d at 101–02 (citing *Constance B. v. State,* 178 Cal.App.3d 200, 223 Cal.Rptr. 645, 649 (1986)).

In attempting to show a genuine factual dispute over causation, Sarver presented only the affidavit of John Roberts, a security consultant, that stated,

[D]efendant breached a reasonable standard of care vis a vis the safety and security of employees and patrons at the TA truck stop.... [B]ut for the failure to implement and provide a reasonable standard of care, more likely than not the brutal attacks [sic] giving rise to this litigation would not have occurred.

ER 244. However, Sarver "must do more than simply criticize, through the speculative testimony of supposed security 'experts,' the extent and worth of the defendant's security measures, and instead must show that the injury was actually caused by the failure to provide greater measures." *Saelzler,* 107 Cal.Rptr.2d 617, 23 P.3d at 1150. The expert's bare assertion of causation fails to show how TCA's failure to implement specific safety or security measures actually caused Sarver's injuries. Having produced no other evidence of causation, Sarver has failed to establish a genuine issue of material fact as to that element.

The district court properly granted summary judgment on the element of causation, and therefore we need not determine whether Sarver produced evidence establishing a genuine issue of material fact as to TCA's duty.

Likewise, the district court properly denied Sarver's motion for reconsideration, which merely renewed the arguments he made on summary judgment and raised no other grounds for reconsideration. Because the court properly granted summary judgment, it did not abuse its discretion in denying Sarver's motion for reconsideration.

AFFIRMED.