MEMORANDUM ***
Vincent C. White appeals pro se from the district court’s summary judgment for the defendant in his employment action alleging disparate treatment, disparate impact, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. He also appeals from the orders denying his motions for reconsideration and for a continuance based on a request for additional discovery. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment. Fair Hous. Council v. Riverside Two, 249 F.3d 1132, 1135 (9th Cir.2001). We review for abuse of discretion both the denial of a motion for reconsideration, MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir.2006), and the denial of a motion to continue, Tatum v. City & County of San Francisco, 441 F.3d 1090, 1100 (9th Cir.2006). We affirm.
The district court properly granted summary judgment on White’s disparate treatment and retaliation claims because his conclusory allegations were insufficient to create a triable issue of material fact as to whether the defendant’s proffered nondiscriminatory reasons for terminating White’s employment were pretextual. See Warren v. City of Carlsbad, 58 F.3d 439, 442 (9th Cir.1995) (once employer establishes a legitimate nondiscriminatory reason, the burden shifts again to plaintiff to demonstrate that the proffered nondiscriminatory reason is merely a pretext for discrimination); Yartzoff v. Thomas, 809 *137 F.2d 1371, 1375 (9th Cir.1987) (analyzing retaliation claim); see also Surrell v. Cal. Water Serv., 518 F.3d 1097, 1103 (9th Cir.2008) (“Conclusory statements without factual support are insufficient to defeat a motion for summary judgment.”).
The district court properly granted summary judgment on White’s disparate impact claim because he did not identify a facially-neutral employment practice with a significantly disproportionate impact on African-Americans. See Pottenger v. Potlatch Corp., 329 F.3d 740, 749 (9th Cir.2003) (requiring identification of a facially-neutral practice disproportionately impacting protected class). Moreover, the district court did not abuse its discretion in failing to consider the statistics that White alleges support his disparate impact claim because he presented neither a foundation for them nor an explanation of their meaning or significance. Cf. Palmer v. United States, 794 F.2d 534, 539 (9th Cir.1986) (rejecting plaintiffs statistical proof, observing that “[statistics used to establish a prima facie case are not irrefutable and their effectiveness depends on all of the surrounding facts and circumstances”) (citation and internal quotation marks omitted).
The district court properly granted summary judgment on White’s hostile work environment claim because the alleged conduct was not sufficiently severe or pervasive to render his work environment hostile. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 270-71, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (hostility of environment must be judged by looking at all the circumstances, including frequency and severity of discriminatory conduct, whether it is physically threatening or humiliating, or a mere offensive utterance). Additionally, White did not show that the defendant took no effectual action to correct the situation as required by Mockler v. Multnomah County, 140 F.3d 808, 813 (9th Cir.1998).
The district court did not abuse its discretion in denying White’s motion for a continuance for additional discovery because he did not identify what evidence additional discovery would have revealed or what impact such discovery would have on his opposition to summary judgment, as required by Federal Rule of Civil Procedure 56(f).
The district court did not abuse its discretion in denying White’s motion for reconsideration because he failed to present any newly discovered evidence, to establish that the district court committed clear error or that its initial decision was manifestly unjust, or to show an intervening change in controlling law. See Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir.2003) (outlining requirements for granting reconsideration).
Finally, as the prevailing party, the defendant was entitled to costs incurred in deposing White because they were reasonably necessary for summary judgment and trial. See Cent. D. Local R. 54-1 (“Unless otherwise ordered by the Court, a prevailing party shall be entitled to costs.”); Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir.1998) (“Deposition costs are taxable if they are reasonably necessary for trial.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.