MEMORANDUM **
Raymond Obiajulu appeals pro se from the district court’s summary judgment for defendants in Obiajulu’s action alleging race discrimination in employment by Rite Aid Corporation and breach of the duty of fair representation by Teamsters Local Union No. 995. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de *795 novo. Aragon v. Republic Silver State Disposal, Inc., 292 F.3d 654, 659 (9th Cir.2002), and we affirm.
The district court properly granted summary judgment for the Rite Aid defendants because Obiajulu failed to raise a triable issue as to whether Rite Aid suspended him on account of his race or national origin. See Aragon v. Republic Silver State Disposal, Inc., 292 F.3d 654, 658-59 (9th Cir.2002) (explaining that to survive a motion for summary judgment a plaintiff must be able to demonstrate that an employer’s proffered legitimate and nondiscriminatory explanation for adverse employment action is pretext for discrimination).
The district court properly granted summary judgment for Local 995 on the duty of fair representation claim because Obiajulu did not raise a triable issue as to whether Local 995’s representation of him during his grievance of the suspension was arbitrary, discriminatory, or in bad faith. See Peterson v. Kennedy, 771 F.2d 1244, 1253 (9th Cir.1985) (“A union breaches its duty of fair representation only when its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.”) (internal quotation marks and citation omitted); id. at 1254 (“We have never held that a union has acted in an arbitrary manner where the challenged conduct involved the union’s judgment as to how best to handle a grievance.”).
We decline to consider Obiajulu contention, raised for the first time on appeal, regarding alleged bias of the magistrate judge. See MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1086 (9th Cir.2006).
Obiajulu’s remaining contentions are unavailing.
We deny all pending motions.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.