**John DEONARINE, Plaintiff— Appellant,**

v.

**Michele LEONHART, Acting Administrator, Drug Enforcement Administration; et al., Defendants—Appellees.**

No. 07–55487.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 8, 2009.

John Deonarine, Glendale, CA, pro se.

Robyn–Marie Lyon Monteleone, Assistant U.S., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Defendants–Appellees.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

John Deonarine appeals pro se from the district court's summary judgment for the Drug Enforcement Administration ("DEA") in his Title VII employment discrimination action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 n. 4 (9th Cir. 2006), and we affirm.

The district court properly granted summary judgment on Deonarine's claim that he was fired because of his race because, even if Deonarine established a prima facie case, he failed to raise a triable issue as to whether the DEA's proffered legitimate and nondiscriminatory reason for firing him was pretext for discrimination. *See id.* at 1034 (affirming summary judgment for employer on disparate treatment claim where plaintiff failed to create a triable issue as to whether employer fired him because of race).

The district court properly granted summary judgment on Deonarine's retaliation claim because he failed to raise a triable issue as to whether his firing was motivated by his protected activity. The record reflects that the DEA was concerned by Deonarine's performance before he engaged in protected activity, and the record

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

does not contain evidence that the deciding official who authorized Deonarine's firing knew of the protected activity. *See id.* at 1035 (affirming summary judgment for employer on claim of retaliation because plaintiff "did not produce evidence warranting a trial on [a theory of] retaliation").

We do not consider facts that are not in the district court record or arguments raised for the first time on appeal. *See MacDonald v. Grace Church Seattle,* 457 F.3d 1079, 1086 (9th Cir.2006); *Nat'l Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 500 (9th Cir.1997) ("[A]ppellate review is limited to the record presented to the district court at the time of summary judgment.").

Deonarine's remaining contentions lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.