MEMORANDUM ***
Margarita Q. Taitano appeals pro se from the district court’s summary judgment for the Secretary of the United States Navy in her employment discrimination action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Lyons v. England, 307 F.3d 1092, 1103 (9th Cir.2002), and affirm.
The district court properly granted summary judgment on Taitano’s Title VII retaliation claims because she failed to establish a prima facie case. See id. at 1118 (affirming summary judgment for the Navy on retaliation claim where plaintiff failed to make out a prima facie case that (1) she engaged in a protected activity, (2) she suffered an adverse employment decision, and (3) there was a causal link between plaintiffs activity and the employment decision).
Taitano’s above-average evaluation did “not rise to the level of an adverse employment action by the employer.” Id. (explaining that a “performance evaluation that [is] mediocre (rather than ‘sub-average’) and that [does] not give rise to any further negative employment action [does] not violate Title VII”).
Taitano’s temporary re-assignment to another section within her department also did not constitute an adverse employment decision, because the record indicates that Taitano preferred the re-assignment given that she did not have to report to the supervisor with whom she had a strained relationship. See Burlington N. and Santa Fe Ry. Co. v. White, 548 U.S. 53, 67, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (“The antiretaliation provision [of Title VII] protects an individual not from all retaliation, but from retaliation that produces an injury or harm.”).
The determination that Taitano’s position was “excess,” and would be eventually phased-out, was made before Taitano engaged in protected activity, and therefore there can be no causal link between the two. See Lyons, 307 F.3d at 1118 (explaining that a causal link between plaintiff’s activity and the employment decision is a necessary element of a successful retaliation claim).
We do not consider the district court’s disposition of Taitano’s disparate treatment or hostile work environment claims, because Taitano develops no argument as to those rulings. See Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir.2003) (explaining that issues not argued on appeal are deemed abandoned); see also Pierce v. Multnomah County, 76 F.3d 1032, 1037 n. 3 (9th Cir.1996) (applying rule to pro se litigants).
Nor do we consider issues Taitano raises for the first time on appeal. See Mac *909 Donald v. Grace Church Seattle, 457 F.3d 1079, 1086 (9th Cir.2006).
Taitano’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.