**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ULRICH RISCHER, an individual, | No. 08-56712 |
| Plaintiff - Appellee, | D.C. No. CV 96-03886-SJO-RNB |
| v. | |
| BANLAVOURA I, INC., a California corporation; BANLAVOURA I, INC. TRUST, a California trust; ENGLEWOOD I, INC., a California corporation; ENGLEWOOD I, INC. TRUST, a California trust; LARRY ESACOVE, an individual; and AIDA ESACOVE, an individual, | MEMORANDUM * |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 4, 2010**
Pasadena, California

Before: B. FLETCHER, PREGERSON, and GRABER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Defendants Banlavoura I, Inc. Trust; Englewood I, Inc. Trust; Banlavoura I, Inc.; Englewood I, Inc.; Larry Esacove; and Aida Esacove appeal the denial of their motion for reconsideration of the district court's order denying their motion to set aside an assignment of judgment and to vacate a renewal of the judgment. We review for abuse of discretion. MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006).

The district court did not abuse its discretion when it denied Defendants' motion for reconsideration. There were no new material facts or changes of law since the time of the district court's original order. See Fed. R. Civ. P. 60(b) (providing that motions for reconsideration are allowed due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial"; fraud; or "any other reason that justifies relief"); C.D. Cal. R. 7-18 (providing that a motion for reconsideration may be made only on the grounds of, among other things, the emergence of new material facts or a change of law). Defendants assert that the handwriting analysis produced after the district court's original order is a new fact, but they are mistaken. Evidence is not new when the facts on which it is based had been in the moving party's possession since the start of the litigation. Coastal Transfer Co. v. Toyota Motor Sales, 833 F.2d 208, 210 (9th Cir. 1987).

    AFFIRMED.

2