**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOMINICK BRUNO, | No. 11-57000 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-04374-R-VBK |
| v. | MEMORANDUM* |
| THE TIME WARNER PENSION PLAN, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manual Real, District Judge, Presiding

Argued and Submitted May 6, 2013
Pasadena, California

Before:   Pregerson and Fisher, Circuit Judges, and Gwin, District Judge.**

Plaintiff-Appellant Dominick Bruno asks this court to reverse the district

court's judgment dismissing his pension-related claims as untimely.  We AFFIRM.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

**1.**  Appellee The Time Warner Pension Plan (the TWP Plan) argues for the first time on appeal that we should apply the statute of repose found in 29 U.S.C. § 1113.  The appropriate time limit presents a pure question of law, and meaningful review of the district court's judgment requires us to decide what time limit applies here.  We therefore exercise our discretion to consider the TWP Plan's argument even though it was not raised below.  *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1086 (9th Cir. 2006).

**2.**  Section 1113 provides the statutes of limitations and repose for actions "with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part."  The "part" refers to ERISA Part 4, which describes fiduciary obligations.  Under *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1178 (9th Cir. 2004), "[t]o establish an action for equitable relief under ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), the defendant must be an ERISA fiduciary acting in its fiduciary capacity and must violate ERISA-imposed fiduciary obligations."  *Id.* (citations and alterations omitted).  Bruno seeks equitable relief under 29 U.S.C. § 1132(a)(3) so, under *Mathews*, his

2

case must involve a fiduciary's breach of a fiduciary obligation. We therefore apply the time limits found in 29 U.S.C. § 1113.[1]

**3.** Section 1113 contains statutes of limitations and repose. The repose period requires an action be filed within six years of "(A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation." 29 U.S.C. § 1113(1). Here, the alleged breach occurred in 1991, when Bruno received a summary plan description (SPD) that failed to disclose an "offset" provision, and was cured in 1996, when he received a new SPD disclosing the provision. The six year statute of repose therefore expired, at the latest, in 2002, almost a decade before Bruno's 2011 lawsuit.[2]

**AFFIRMED**.

---

[1] Bruno argues that *Mathews* was wrongly decided and conflicts with the Supreme Court's earlier decision in *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000). We express no opinion on the merits of these arguments. *Mathews* was decided after *Harris*, and we are bound by circuit precedent. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003).

[2] Appellant's Motion to Strike the Supplemental Excerpts of Records and the Counter Statement of Facts, ECF No. 19, is denied as moot.