**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| C. KAUI JOCHANAN AMSTERDAM, | No. 12-15672 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00525-DAE-BMK |
| v. | |
| OFFICE OF HAWAIIAN AFFAIRS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted March 10, 2014[**]

Before:      PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

C. Kaui Jochanan Amsterdam appeals pro se from the district court's

judgment on the pleadings in his action arising from the Office of Hawaiian

Affairs' ("OHA") failure to provide him funds from a public trust created by the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hawaii Admission Act ("§ 5(f) trust"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). We affirm.

The district court properly granted judgment on the pleadings on Amsterdam's breach of trust claim because Amsterdam failed to allege facts showing that defendants breached the terms of the § 5(f) trust by not providing him with trust funds. *See Day v. Apoliona*, 616 F.3d 918, 925-26 (9th Cir. 2010) (OHA trustees, although limited to spending § 5(f) trust funds for enumerated trust purposes, "have broad discretion to decide how to serve those purposes").

The district court properly granted judgment on the pleadings on Amsterdam's equal protection claim because Amsterdam failed to allege facts showing that defendants intentionally discriminated against him based on his membership in a protected class, or that defendants intentionally treated him differently than other similarly situated individuals without a rational basis. *See Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (requirements for equal protection claim); *see also N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (requirements for "class of one" equal protection claim).

The district court properly granted judgment on the pleadings on Amsterdam's free speech claim because Amsterdam failed to allege facts showing

that defendants violated his First Amendment rights by not providing Amsterdam funds to travel to Washington D.C. to meet with congressional representatives. *See Regan v. Taxation With Representation of Washington*, 461 U.S. 540, 546 (1983) (government is not required by the First Amendment to subsidize lobbying).

**AFFIRMED.**

12-15672