**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHANIE DIXON, | No. 18-16090 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00110-DKW-KJM |
| v. | |
| STATE OF HAWAII DEPARTMENT OF EDUCATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted October 23, 2019
University of Hawaii Manoa

Before: GRABER, M. SMITH, and WATFORD, Circuit Judges.

Plaintiff Stephanie Dixon timely appeals the dismissal, on the pleadings, of

her second amended complaint for failure to state a claim for racial discrimination,

retaliation, and racially hostile work environment under Title VII. We have

jurisdiction under 28 U.S.C. § 1291. Reviewing de novo and accepting all

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

allegations as true, <u>MacDonald v. Grace Church Seattle</u>, 457 F.3d 1079, 1081 (9th Cir. 2006), we affirm.

1. The district court correctly dismissed Plaintiff's disparate treatment claim. Plaintiff failed to allege discriminatory intent. <u>See</u> <u>Reynaga v. Roseburg Forest Prods.</u>, 847 F.3d 678, 690 (9th Cir. 2017) (holding that a prima facie case of disparate treatment requires a plaintiff to allege that her employer took an adverse employment action with discriminatory intent). Plaintiff did not allege facts showing that it was more likely than not that Defendant acted with discriminatory intent. And Plaintiff was unable to show discriminatory intent by means of the <u>McDonnell Douglas</u> test because she could not identify a similarly situated employee whom Defendant treated differently. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973).

2. The district court correctly dismissed Plaintiff's retaliation claim. Plaintiff failed to allege an adequate causal link between any protected activity under Title VII and an adverse employment action. <u>See</u> <u>Freitag v. Ayers</u>, 468 F.3d 528, 541 (9th Cir. 2006) (holding that, to establish a retaliation claim, a plaintiff must allege a causal link between the plaintiff's protected activity and the adverse employment action). Plaintiff alleged no facts to show a causal link between the

complaints about discrimination that she made to two school administrators and the allegedly retaliatory action taken more than one year later.

3. The district court correctly dismissed Plaintiff's claim of a racially hostile work environment. Defendant's alleged conduct did not rise to a level that was sufficiently severe and pervasive to constitute a hostile work environment. See Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2004) (noting that Title VII requires a plaintiff to show "that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment"). Plaintiff alleged two racially-motivated comments over the course of several years, and she alleged that she was degraded when Defendant forced her and the only other African-American employee to share an office. Plaintiff alleged that Defendant took other actions that embarrassed and demeaned her, but she did not allege facts showing that these actions were taken because of her race. The most egregious act that Plaintiff alleged—that Defendant failed to protect her after a parent assaulted her—is not sufficiently related to the other alleged acts to be considered part of the hostile work environment claim.

**AFFIRMED**.