Robert J. WRIGHT, Plaintiff-Appellant,

v.

LANE COUNTY COMMISSIONERS, Lane County Bar Association, Defendants-Appellees.

No. 71–2104.

United States Court of Appeals, Ninth Circuit.

April 10, 1972.

Rehearing Denied May 15, 1972.

Robert J. Wright, in pro. per.

John L. Luvaas, of Luvaas, Cobb, Richards & Fraser, Windsor Calkins, Eugene, Or., Howard K. Beebe, Thomas S. Moore of Morrison, Dunn, Bailey, Cohen & Miller, Portland, Or., for defendants-appellees.

Before HAMLEY, MERRILL and TRASK, Circuit Judges.

**PER CURIAM:**

Robert J. Wright appeals à District Court order dismissing his complaint, brought under 42 U.S.C. § 1985(3), against the Lane County, Oregon, Board of Commissioners and the Lane County Bar Association. We affirm.

Oregon statutes provide that each county may utilize part of its litigation filing fees to maintain a county law library. ORS 9.840 and 9.850. The library is to be located at the county seat, and is to be "available at all reasonable times to the use of litigants, and permitted to be used by all attorneys at law duly admitted to practice in this state * * *." ORS 21.350(2). The Board maintains such a library in the county courthouse in Eugene.

On March 3, 1971, the Board limited the use of the law library by the general public to 8 A.M. to 5 P.M. on all days when the courthouse is open for public business. Noting that the University of Oregon Law School Library was open during evenings and weekends, the Board provided security precautions to reduce the risk of damage to courthouse property and personnel. The library is still open to judges, their staff members and officers of the court at all times.

Wright is not an attorney although he is carrying on litigation *in propria persona* in the state courts. He works during the day, and his complaint alleged a conspiracy between the county bar, bench, and Board to deprive him of his right as a litigant to use the library after business hours.

█ █ The complaint against the Bar Association was properly dismissed because of improper service. The Association is unincorporated and must be served in accordance with Fed.R.Civ.P. 4(d) (3). Service here was to the chairman of the Association's library committee and not to an officer, managing, general, or authorized agent, and was therefore improper. In addition, Wright failed to allege any acts by the Bar Association upon which relief could be granted.

The complaint against the Board was properly dismissed because it fails to state a claim upon which relief may be granted. The Board has a legitimate interest in the safety of its courthouse and personnel. The order adopted is a reasonable attempt to achieve that goal. The determination that business hours are "reasonable times" within the meaning of the statute is not unreasonable. The litigant-attorney classification and the hours selected both possess a rational relationship to the achievement of the goal of security. The legal resources of the University of Oregon are open to Wright. The record does not indicate that the order was aimed at him alone. The Board may reasonably conclude that the county's compelling interest in security may be achieved by limiting access to the law library during nonbusiness hours to a recognized and trusted segment of the community.

Affirmed.