**Charles W. MOORE, Plaintiff–counter–defendant–Appellant,**

**and**

**Raymond Eric Zahler, Plaintiff–counter–defendant,**

**v.**

**BOARD OF TRUSTEES OF the YAKIMA COUNTY LIBRARY; et al., Defendants–counter–claimants–Appellees.**

No. 06–35287.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008 *.

Filed March 6, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Raymond Eric Zahler, Seattle, WA, pro se.

Charles W. Moore, Yakima, WA, pro se.

Paul E. McIlrath, Esq., Yakima County Corporate Counsel Division, Martin F. Muench, Yakima County Prosecuting Attorney, Yakima, WA, for Defendants–counter–claimants–Appellees.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Charles W. Moore appeals pro se from the district court's judgment dismissing his action alleging that defendants violated his constitutional rights by denying pro se litigants access to the Yakima County Law Library. We have jurisdiction under 28 U.S.C. § 1291. We construe the district court's dismissal order as a judgment on the pleadings because defendants filed their motion to dismiss after filing an answer. *See MacDonald v. Grace Church Seattle,* 457 F.3d 1079, 1081 (9th Cir.2006). We review de novo, *id.,* and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly dismissed Moore's access-to-courts claim because the complaint does not allege: (1) a nonfrivolous, arguable underlying claim, whether anticipated or lost; (2) the official acts frustrating the litigation; and (3) to the extent a backward-looking claim is alleged, a remedy that may be awarded as recompense that is not available in a future action. *See Christopher v. Harbury*, 536 U.S. 403, 415–16, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002); *see also Lewis v. Casey*, 518 U.S. 343, 350–51, 353 & n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (explaining that access to a law library is "merely one constitutionally acceptable method to assure meaningful access to the courts").

■ The district court properly dismissed Moore's equal protection claim because he failed to meet his burden to negate "every conceivable basis which might support" the Board of Trustees' resolution granting attorneys access to the law library while denying access to pro se litigants. *Heller v. Doe*, 509 U.S. 312, 320–21, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) (explaining rational basis review); *cf. Wright v. Lane County Comm'rs*, 459 F.2d 1021, 1022–23 (9th Cir.1972) (per curiam) (concluding that there was a rational basis for Board of Commissioner's decision to limit access to county law library to court officials and attorneys during non-business hours).

■ The district court did not abuse its discretion by ruling on the motion to dismiss before discovery was completed because discovery could not have affected the ruling on the pleadings. *Cf. Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988) (holding that the district court did not

abuse its discretion by staying discovery when the discovery could not have affected the court's ruling on summary judgment).

We decline to consider appellant's arguments raised for the first time in his reply brief. *See Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1066 n. 5 (9th Cir.2003).

To the extent appellant has preserved for appeal his remaining contentions, those contentions are unpersuasive.

**AFFIRMED.**