NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DARNELL OTIS McGARY, | No. 10-35044 |
| Plaintiff - Appellant, | DC No. 3-05 cv 05376 RBL |
| v. | |
| RONALD CULPEPPER, Administrative Law Judge, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| HENRY RICHARDS; VICTORIA ROBERTS; KIM ACKER; MARK McCLUNG; LESLIE SZIEBERT; BRIAN JUDD, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted April 11, 2011
Seattle, Washington

Before:     KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

Plaintiff-Appellant Darnell Otis McGary appeals the district court's dismissal of his first amended complaint and its denial of his request to appoint counsel. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand to the district court for further proceedings.

Where, as here, Defendants file motions to dismiss *after* filing their answers, the court construes the motion as one for judgment on the pleadings. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). A district court's decision to grant a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is reviewed *de novo*. *Id.* We liberally construe a *pro se* litigant's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Lopez v. Smith*, 203 F.3d 1122, 1124, 1127-29 (9th Cir. 2000) (en banc).

**1.** McGary has failed to allege facts sufficient to show that Defendants Kim Acker, Brian Judd, and Victoria Roberts were personally involved in the alleged deprivation of McGary's civil rights. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). He has had two opportunities to state claims against these Defendants, but has failed to do so. *See Lopez*, 203 F.3d at 1127. Accordingly, we affirm the district court's dismissal of all claims against these Defendants without leave to amend.

2

**2.** McGary fails to state a claim for deliberate indifference to his serious medical needs. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."). He has also failed to allege facts sufficient to support a claim for violation of his right to equal protection of the law. *Barren*, 152 F.3d at 1194. McGary has had two opportunities to state these claims, and has failed to do so each time. Further amendment of these claims would be futile. We affirm the district court's dismissal of these claims.

**3,** Next, we conclude that McGary has stated three independent claims for the violation of his right to due process. First, he has made specific allegations to support his claim that his right to adequate treatment has been violated. *See Youngberg v. Romeo*, 457 U.S. 307, 318, 322 (1982); *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) ("[T]he Fourteenth Amendment Due Process Clause requires states to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released."). Second, he has sufficiently alleged that his right to safe conditions of confinement have been violated. *Youngberg*, 457 U.S. at 315-16 (holding that as a matter of substantive due process, confined persons have a protected liberty interest in their

3

safety). Third, he has sufficiently alleged that his right to be free from unreasonable restraint has been violated. *Id.* at 324 (holding that confined persons have a protected liberty interest in "reasonably nonrestrictive confinement conditions").

4.  Finally, McGary has adequately alleged that he has suffered retaliation for the exercise of constitutionally-protected rights, in particular his right to challenge the involuntary administration of antipsychotic drugs. *Washington v. Harper*, 449 U.S. 210, 221-22 (1990) (holding that prisoners possess a liberty interest in avoiding the involuntary administration of antipsychotic drugs); *see also Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (explaining that retaliation against prisoners for their exercise of constitutional rights "is itself a constitutional violation"); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (recognizing that transferring a prisoner to another prison in retaliation for his exercise of constitutional rights is a prohibited punishment).

5.  Accordingly, we reverse the district court's dismissal of the due process and retaliation claims, and remand for further proceedings. In the proceedings below, the district court declined to appoint counsel. Although we do not conclude that the district court abused its discretion in so doing, we suggest

4

that the district court may wish to reconsider its decision. First, as stated above, McGary has stated several claims which plausibly may have merit. It is difficult at this point to judge McGary's likelihood of success. Nevertheless, McGary's complaint makes serious allegations about his confinement which, if proven, would merit relief. Second, this suit raises a number of important and complex legal issues that may determine whether McGary will ever have a realistic opportunity for release from his indefinite civil confinement. Although the pleadings below indicate that McGary is capable of identifying his grievances, they also demonstrate the difficulties he is likely to encounter in continuing without the assistance of counsel. Given the issues presented and McGary's apparent inability to press his case beyond the initial pleading stage, this case may well present the "exceptional circumstances" that warrant the appointment of counsel pursuant to 28 U.S.C. § 1915(e). *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Therefore, without prejudging the matter, we urge the district court to reconsider appointing *pro bono* counsel.

**AFFIRMED in part, REVERSED in part, and REMANDED. No Costs.**

Judge Kleinfeld dissents and would affirm entirely.

5