**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LESTER K. CORNETTE,

          Plaintiff - Appellant,

  v.

PATRICK R. DONAHOE, USPS
Postmaster General[*]; et al.,

          Defendants - Appellees.

No. 10-35250

D.C. No. 3:09-cv-05373-BHS

MEMORANDUM[**]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted March 6, 2012[***]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

    Lester K. Cornette appeals pro se from the district court's summary

judgment in his employment action against the United States Postal Service

---

    [*]    Patrick R. Donahoe has been substituted for his predecessor, John E.
Potter, as Postmaster General under Fed. R. App. P. 43(c)(2).

    [**]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [***]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("USPS") alleging claims under the Rehabilitation Act and Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Cornette's discrimination claim under the Rehabilitation Act because Cornette failed to raise a genuine dispute of material fact as to whether he is a person with a disability, and whether the USPS did not select him for its Associate Supervisor Training Program because of his alleged disability. *See Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (elements of disability discrimination claim); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884-86 (9th Cir. 2004) (standard for determining whether a plaintiff is a person with a disability); *see also* 42 U.S.C. § 12111(5)(B) (Americans with Disabilities Act does not apply to federal government).

The district court properly granted summary judgment on Cornette's retaliation claims because Cornette failed to raise a triable dispute as to whether there was a causal link between his alleged protected activities and the alleged adverse employment actions. *See Coons*, 383 F.3d at 887 (elements of prima facie case of retaliation under the Rehabilitation Act); *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1196-97 (9th Cir. 2003) (setting forth elements

of prima facie case of retaliation under Title VII and noting that the plaintiff must show that the defendant was actually aware of the plaintiff's protected activity).

The district court did not abuse its discretion by denying Cornette's motion for reconsideration of the order granting summary judgment because Cornette failed to show grounds warranting reconsideration. *See* W.D. Wash. L.R. 7(h)(1) (reconsideration requires "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence"); *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006) (denial of motion for reconsideration reviewed for an abuse of discretion).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Cornette's remaining contentions, including those concerning discovery, default, his jury demand, and the timeliness of the answering brief, are unpersuasive.

**AFFIRMED.**

10-35250