**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYRNA U. PARAYNO, | No. 10-36183 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00487-MJP |
| v. | |
| PATRICK R. DONAHOE[*], Postmaster General; et al., | MEMORANDUM[**] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

Submitted June 26, 2012[***]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Myrna U. Parayno appeals pro se from the district court's summary

judgment in her employment action alleging failure to accommodate her disability,

---

[*]      Patrick R. Donahoe has been substituted for his predecessor, John E. Potter, as Postmaster General under Fed. R. App. P. 43(c)(2).

[**]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

race and national origin discrimination, and retaliation under the Rehabilitation Act and Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Summary judgment was properly granted on Parayno's failure to accommodate claim because Parayno failed to raise a genuine dispute of material fact as to whether defendant reasonably accommodated her disability. *See Buckingham v. United States*, 998 F.2d 735, 739 (9th Cir. 1993) (discussing an employer's duty to accommodate under the Rehabilitation Act); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) ("An 'employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some reasonable accommodation.'" (citation omitted)); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("[A] party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").

The district court properly granted summary judgment on Parayno's race and national origin discrimination claim because Parayno failed to raise a triable dispute as to whether she was subjected to an adverse action, and whether similarly

situated individuals were treated more favorably. *See Vasquez*, 349 F.3d at 640-41 & n.5 ( elements of a prima facie case of discrimination; "individuals are similarly situated when they have similar jobs and display similar conduct").

The district court properly granted summary judgment on Parayno's retaliation claim because Parayno failed to raise a triable dispute as to whether she was subjected to an adverse action, and whether there was a causal link between her filing of EEO complaints and the alleged adverse actions. *See id.* at 646 (elements of a prima facie case of retaliation); *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) (no causal link if decisionmaker is unaware of the protected activity).

The district court did not abuse its discretion by denying Parayno's motion for reconsideration because Parayno failed to establish a basis for reconsideration. *See* W.D. Wash. L.R. 7(h)(1) (grounds for reconsideration); *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Parayno's remaining contentions are unpersuasive.

**AFFIRMED.**