**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KASEY GRAHAM,

               Plaintiff - Appellant,

   v.

OROZCO, individual and official capacity, Los Angeles Police Officer #36578 (Badge No.); et al.,

               Defendants - Appellees.

No. 12-56030

D.C. No. 2:10-cv-04618-RGK-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Federal prisoner Kasey Graham appeals pro se from the district court's

judgment on the pleadings in his action brought under 42 U.S.C. § 1983 and *Bivens*

*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(1971), alleging that defendants falsified police reports and search warrant affidavits and presented false testimony to a grand jury. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted judgment on the pleadings on Graham's claim that defendant Sonnendecker presented false testimony to a grand jury because Sonnendecker is immune from civil liability for his testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 342-43 (1983) (police officers who testify in judicial proceedings are absolutely immune from civil liability).

Judgment on the pleadings was proper on Graham's claims that defendants Washington, Aluotto, and Mendoza falsified police reports and search warrant affidavits because those issues were actually litigated in Graham's suppression hearing in his criminal action as a critical and necessary part of the judgment in that action. *See McQuillion v. Schwarzenegger,* 369 F.3d 1091, 1096 (9th Cir. 2004) (setting forth requirements for collateral estoppel to apply under federal law); *see also Ayers v. City of Richmond*, 895 F.2d 1267, 1272 (9th Cir. 1990)

12-56030

(defendant's failure to appeal adverse rulings in a suppression hearing following a guilty plea resulted in a final judgment for purposes of collateral estoppel).

Judgment on the pleadings was proper on Graham's claim against defendant Orozco because Graham failed to allege facts showing that Orozco was liable for any misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Judgment on the pleadings was proper on Graham's conspiracy claim because Graham failed to allege facts showing that defendants agreed to or actually deprived him of any constitutional right. *See Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010) (setting forth requirements for a conspiracy claim under § 1983).

The district court did not abuse its discretion in denying Graham's motions for default and default judgment because defendants timely pleaded and defended against the suit. *See* Fed. R. Civ. P. 55(a), (b); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors the court may consider in deciding whether to enter default judgment).

The district court did not abuse its discretion in denying Graham's request for appointment of counsel because Graham failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting

forth standard of review and explaining the "exceptional circumstances" requirement).

**AFFIRMED.**