**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AL SAVIN, an Individual and Partial Beneficiary of The Flora Peralta Irrevocable Family Trust; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> GLORIA SAVIN, AKA Gloria De La Cruz, an individual; et al., <br><br> Defendants-Appellees. | No.  15-55993 <br><br> D.C. No. 5:14-cv-01180-SJO-E <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted March 30, 2018[**]

Before:  GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Al Savin, Lucia Savin, and William Peralta appeal pro se from the district

court's judgment on the pleadings and summary judgment in their 42 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1983 action alleging federal and state law violations arising from marital dissolution proceedings between Al Savin and Gloria Savin. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006) (judgment on the pleadings); *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001) (summary judgment). We affirm.

The district court properly granted judgment on the pleadings for Gloria Savin and her attorney, Evan Ginsburg, because plaintiffs failed plausibly to allege that either defendant acted under color of law for purposes of § 1983. *See Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 985 (9th Cir. 2013) (an action "between private parties does not involve state action simply because the court in which the case is pursued is an organ of the state or federal government"); *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (per curiam) ("[A]n attorney, whether retained or appointed, does not act 'under color of' state law.").

The district court properly granted summary judgment on plaintiffs' claim alleging municipal liability because plaintiffs failed to provide evidence that any Riverside County employee's actions "implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted and promulgated"

by the county, or that any deprivation was inflicted "pursuant to governmental 'custom.'" *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

The district court properly granted summary judgment on plaintiffs' due process claim against Maichi Ngoc Nguyen because plaintiffs failed to provide evidence of conduct by Nguyen that would "shock the conscience," *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846, 849 (1998) (requirements of substantive due process), or that plaintiffs were denied adequate post-deprivation remedies for any of the alleged property deprivations, *see Hudson v. Palmer*, 468 U.S. 517, 536, 539 (1984) (procedural due process claim requires that "the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate").

The district court did not abuse its discretion in denying plaintiffs' motion for default judgment because plaintiffs did not seek entry of default and defendants did not "fail to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) (standard of review).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be

considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (standard of review).

We reject plaintiffs' contention that the magistrate judge's role in the case constitutes error. *See* 28 U.S.C. § 636(b)(1)(B).

Appellees' motion to strike portions of the excerpts of record and reply brief (Dkt. No. 26) is granted.

Appellees' request for judicial notice (Dkt. No. 31) is denied.

Appellants' request for judicial notice (Dkt. No. 35) is denied.

Appellants' motion to strike a letter from Ginsburg (Dkt. No. 37) is denied.

**AFFIRMED.**